# In the United States Court of Federal Claims

BID PROTEST
No. 20-12C
Filed Under Seal: January 27, 2020
Reissued: February 21, 2020[*]

|  |  |  |
|---|---|---|
| RELYANT GLOBAL, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Post-Award Bid Protest; Preliminary |
| v. | ) ) | Injunction, RCFC 65. |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

*James H. Price*, Counsel of Record, Lacy, Price & Wagner, PC, Knoxville, TN, for plaintiff.

*Sheryl L. Floyd*, Senior Trial Attorney, *Steven J. Gillingham*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Joseph H. Hunt*, Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC; *Major Susan Kim*, Of Counsel, *Robert Neill*, Of Counsel, United States Army Legal Services Agency, Fort Belvoir, VA; *Captain Joseph D. Levin*, Army Contracting Command-Afghanistan, Bagram, AFG, for defendant.

## MEMORANDUM OPINION AND ORDER

GRIGGSBY, Judge

## I.   INTRODUCTION

Plaintiff, Relyant Global, LLC ("Relyant"), brings this post-award bid protest matter challenging the United States Army's ("Army") decision to award a contract for qualified

---

[*] This Memorandum Opinion and Order was originally filed under seal on January 27, 2020. ECF No. 14. The parties were given an opportunity to advise the Court of their views with respect to what information, if any, should be redacted from the Memorandum Opinion and Order. On February 6, 2020, the government filed a motion to unseal the Memorandum Opinion and Order without any redactions. ECF No. 16. On February 20, 2020, plaintiff filed a response to the government's motion to unseal the Memorandum Opinion and Order indicating that plaintiff does not oppose the government's request that the Court unseal the Memorandum Opinion and Order as issued. ECF No. 17. And so, the Court is reissuing its Memorandum Opinion and Order, dated January 27, 2020, as the public opinion.

licensed professional and technical personnel services (the "Contract") to Jimco International, LLC ("Jimco"). Relyant has moved for a preliminary injunction seeking, among other things, to enjoin Jimco from commencing performance under the Contract, pursuant to Rule 65 of the Rules of the United States Court of Federal Claims ("RCFC"). *See generally* Pl. Mot. The government has moved to dismiss this matter for lack of subject-matter jurisdiction, pursuant to RCFC 12(b)(1). Def. Resp. at 10-20. For the reasons discussed below, the Court: (1) **GRANTS** the government's motion to dismiss; (2) **DENIES** Relyant's motion for a preliminary injunction; and (3) **DISMISSES** the complaint.

## II.   FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.   Factual Background

In this post-award bid protest matter, Relyant challenges the Army's award decision in connection with a contract for qualified licensed professional and technical personnel services in support of a facility maintenance and repair program to be performed in Afghanistan. *See generally* Compl. The Contract at issue was awarded to Jimco pursuant to the Army's Solicitation No. W91B4N-19-R-0006 (the "Solicitation"). *Id.* at ¶ 5; *see also* Def. App'x at 329. Relyant is an unsuccessful offeror in connection with that procurement. Compl. at ¶ 16; Pl. Mem. at 2.

In its motion for a preliminary injunction, Relyant argues that the Army's decision to award the Contract to Jimco was arbitrary, capricious and in violation of the Competition in Contracting Act ("CICA"), the Federal Acquisition Regulations ("FAR") and the terms of the Solicitation. Pl. Mot. at 1; Pl. Mem. at 7. And so, Relyant requests, among other things, that the Court enjoin Jimco from commencing performance of the Contract. Compl. at ¶¶ 25-27, 29.

---

[1] The facts recited in this Memorandum Opinion and Order are taken from Relyant's complaint ("Compl.") and the exhibits attached thereto ("Pl. Ex."); Relyant's motion for a preliminary injunction ("Pl. Mot."); Relyant's memorandum in support of its motion for a preliminary injunction ("Pl. Mem."); the government's response and opposition to Relyant's motion for a preliminary injunction and motion to dismiss ("Def. Resp.") and the appendix attached thereto ("Def. App'x"). Except where otherwise noted, the facts recited herein are undisputed.

1.     **The Solicitation**

As background, the Army's Area Support Group-Afghanistan provides and maintains base life support throughout the Combined Joint Operations Area in Afghanistan ("CJOA-A"). Pl. Ex. B at 9.  On June 24, 2019, the Army issued the Solicitation at issue in this matter to receive support in its mission to maintain structures and facilities throughout CJOA-A.  Def. App'x at 6.

The Solicitation provides that the offeror who submits the lowest-priced technically acceptable proposal would be awarded the Contract.  *Id.* at 57.  The Contract consists of a 60-day mobilization period, one-year base period, four one-year options, and a 30-day demobilization period after the last performance period.  *Id.* at 254, 257-58

The Solicitation calls for the provision of program management, electrical, plumbing, carpentry, HVAC, welding and general maintenance services by personnel meeting various certification and security classification requirements.  *Id.* at 253.  Specifically relevant to this bid protest dispute, paragraph 1.11.1 of the Solicitation's Performance Work Statement requires that Project Managers and Alternate Project Managers shall "possess a current U.S. SECRET security clearance."  *Id.* at 256.  In addition, Paragraph 1.7.7 of the Solicitation describes certain security requirements that a contractor must possess to perform the Contract.  *Id.* at 255.

On August 5, 2019, the Army issued Amendment 0007 to the Solicitation, which, among other things, added the requirement that an offeror must "[h]ave an active SECRET Facility Clearance at the time of Proposal Submission."  *Id.* at 213.

On August 15, 2019, the Army issued Amendment 0011 to the Solicitation, which eliminated this requirement and amended Paragraph 1.7.7 of the Solicitation to require that:

> [The] Contractor shall possess an active SECRET Facility Clearance prior to beginning contract performance.  Project Managers/Alternates, shall have a SECRET security clearance at the time of contract award, and must maintain the level of security required for the life of the contract.

*Id.* at 255.

2.     **The Contract Award**

Relyant timely submitted its proposal and the Army subsequently determined that Relyant's proposal was technically acceptable in all respects.  Compl. at ¶ 15.

3

On September 28, 2019, the Army awarded the Contract to Jimco. Def. App'x at 329-336. On that same date, the Army notified Relyant that it was not the successful offeror, because Jimco presented a proposal that was both technically acceptable and offered a lower price.[2] *Id.* at 337-339. It is undisputed that Jimco did not possess a SECRET-level Facility Security Clearance at the time of the award of the Contract. Pl. Mem. at 7-8; Def. Mot. at 15.

### 3. The GAO Protest

Relyant filed a protest before the Government Accountability Office ("GAO") challenging the Army's award decision on October 4, 2019. Compl. at ¶ 19. On November 7, 2019, the GAO dismissed Relyant's bid protest without considering the merits of Relyant's arguments, because the protest raised an issue of contract administration. Def. App'x at 345-46. On January 3, 2020, Relyant filed this bid protest action. *See generally* Compl.

### B. Procedural Background

Relyant commenced this action on January 3, 2020. *Id.* On January 8, 2020, the Court issued a Protective Order. *See generally* Protective Order.

On January 9, 2020, Relyant filed a motion for a preliminary injunction and a memorandum in support thereof. *See generally* Pl. Mot.; Pl. Mem. On January 13, 2020, the government filed a response and opposition to Relyant's motion for a preliminary injunction, and a motion to dismiss the case for lack of subject-matter jurisdiction. *See generally* Def. Resp. On January 14, 2020, Relyant filed a reply in support of its motion for a preliminary injunction. *See generally* Pl. Reply.

On January 15, 2020, the Court held a telephonic hearing to consider the parties' pending motions. *See generally* Tr. The Court issued an oral opinion during the telephonic hearing, granting the government's motion to dismiss, denying Relyant's motion for a preliminary injunction and dismissing the case. Tr. at 45:9-45:12. The Court now issues this written opinion, which is consistent with that oral ruling.

---

[2] Jimco is presently performing the mobilization phase of the Contract. Tr. at 6:10-6:15.

### III. LEGAL STANDARDS

#### A. Jurisdiction And Bid Protests

The Tucker Act grants the United States Court of Federal Claims jurisdiction over bid protests brought by "an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement." 28 U.S.C. § 1491(b)(1). In bid protest cases, this Court reviews agency actions under the Administrative Procedure Act's ("APA") "arbitrary and capricious" standard. *See* 28 U.S.C. § 1491(b)(4) (adopting the standard of review set forth in the Administrative Procedure Act). And so, under the APA's standard, an award may be set aside if, "(1) the procurement official's decision lacked a rational basis; or (2) the procurement procedure involved a violation of regulation or procedure." *Banknote Corp. of Am., Inc. v. United States*, 365 F.3d 1345, 1351 (Fed. Cir. 2004) (quoting *Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1332 (Fed. Cir. 2001)).

> The United States Court of Appeals for the Federal Circuit has recognized that:
>
> When a challenge is brought on the first ground, the test is whether the contracting agency provided a coherent and reasonable explanation of its exercise of discretion, and the disappointed bidder bears a "heavy burden" of showing that the award decision had no rational basis. When a challenge is brought on the second ground, the disappointed bidder must show a clear and prejudicial violation of applicable statutes or regulations.

*Id*. (citations omitted).

#### B. RCFC 12(b)(1)

When deciding a motion to dismiss upon the ground that the Court does not possess subject-matter jurisdiction pursuant to RCFC 12(b)(1), this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also* RCFC 12(b)(1). But, plaintiff bears the burden of establishing subject-matter jurisdiction, and plaintiff must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). And so, should the Court determine that "it lacks jurisdiction over the subject-

matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006) (citations omitted); *see also* RCFC 12(h)(3).

### C. Preliminary Injunctions And RCFC 65

The Tucker Act authorizes this Court to "award any relief that the court considers proper, including . . . injunctive relief" in bid protest matters. 28 U.S.C. § 1491(b)(2); *see* RCFC 65. But, "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis omitted) (citation omitted); *Intel Corp. v. ULSI Sys. Tech., Inc.*, 995 F.2d 1566, 1568 (Fed. Cir. 1993) (The award of "a preliminary injunction is a drastic and extraordinary remedy that is not to be routinely granted.").

In deciding whether to grant emergency injunctive relief, the United States Court of Appeals for the Federal Circuit has directed that the Court consider: (1) whether the plaintiff is likely to succeed on the merits of the case; (2) whether the plaintiff will suffer irreparable harm if the Court withholds injunctive relief; (3) whether the balance of hardships to the respective parties favors the grant of injunctive relief; and (4) whether it is in the public interest to grant injunctive relief. *PGBA, LLC v. United States*, 389 F.3d 1219, 1228-29 (Fed. Cir. 2004); *see also FMC Corp. v. United States*, 3 F.3d 424, 427 (Fed. Cir. 1993); *OAO Corp. v. United States,* 49 Fed. Cl. 478, 480 (2001). "Although the factors are not applied mechanically, a movant must establish the existence of both of the first two factors to be entitled to a preliminary injunction." *Altana Pharma AG v. Teva Pharm. USA, Inc.*, 566 F.3d 999, 1005 (Fed. Cir. 2009) (citing *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001)).

In addition, the Federal Circuit, in reviewing this Court's decisions on motions for preliminary injunction, has held that "[n]o one factor, taken individually, is necessarily dispositive. [T]he weakness of the showing regarding one factor may be overborne by the strength of the others." *FMC Corp.*, 3 F.3d at 427. Conversely, "the absence of an adequate showing with regard to any one factor may be sufficient, given the weight or lack of it assigned the other factors, to justify the denial" of a motion for a preliminary injunction. *Id*.

IV.  **LEGAL ANALYSIS**

Relyant seeks a preliminary injunction to, among other things, enjoin Jimco from starting performance under the Contract, upon the grounds that the Army's decision to award the Contract to Jimco was arbitrary, capricious and contrary to CICA, the FAR and the terms of the Solicitation.  Pl. Mot. at 1.  Specifically, Relyant argues that it is entitled to this emergency injunctive relief because:  (1) there is a substantial likelihood that Relyant will prevail upon the merits of its claim; (2) Relyant will suffer irreparable harm absent injunctive relief; (3) the balance of the harms to Relyant and to the government weigh in favor of granting injunctive relief; and (4) awarding such relief would be in the public interest and preserve the integrity of the competitive procurement process.  *Id.* at 2; Pl. Mem. at 5-12.

The government counters in its response and opposition to Relyant's motion for a preliminary injunction that the Court should deny Relyant's motion, because the Army's award decision was reasonable and consistent with the terms of the Solicitation and applicable law.  Def. Resp. at 21-30.  In addition, the government argues that the Court should dismiss this bid protest matter because Relyant's claims either involve matters of contract administration or have been waived under the Federal Circuit's holding in *Blue & Gold*.  *Id.* at 10-20; *see also Blue & Gold Fleet, LP v. United States*, 492 F.3d 1308 (Fed. Cir. 2007).

For the reasons discussed below, the Court agrees with the government that the Court may not consider Relyant's claims.  And so, the Court:  (1) **GRANTS** the government's motion to dismiss; (2) **DENIES** Relyant's motion for a preliminary injunction; and (3) **DISMISSES** the complaint.

> A.  **Relyant Has Waived Any Challenge To The Solicitation's Security Requirements**

As an initial matter, a careful reading of the complaint and the record currently before the Court makes clear that Relyant seeks, in part, to challenge the Solicitation's security requirements in this post-award bid protest and that such a claim is untimely.

Relyant alleges in the complaint that the Army's decision to award the Contract to Jimco was improper, because "an awardee without a Secret Facility Clearance at the time of contract award cannot meet the basic contract requirement of employing cleared personnel for purposes of performing the contract."  Compl. at ¶ 14.  Relyant bases this argument upon its interpretation

7

of the security requirements set forth in paragraph 1.7.7 of the Solicitation's Performance Work Statement, which provides that:

> [The] Contractor shall possess an active SECRET Facility Clearance prior to beginning contract performance.  Project Managers/Alternates, shall have a SECRET security clearance at the time of contract award, and must maintain the level of security required for the life of the contract.

Def. App'x at 255; *see also* Compl. at ¶ 13; Tr. at 17:22-18:1.

In this regard, Relyant argues that a reasonable reading of the above provision mandates that Jimco possess a SECRET Facility Clearance at the time of the award of the contract.  Pl. Mem. at 7-8.  There is no dispute that Jimco did not possess a SECRET Facility Security Clearance at the time of contract award.  *Id.*; Def. Mot. at 15.  And so, Relyant maintains that Jimco was not eligible to be awarded the Contract at issue.  Tr. at 12:25-13:16.

While Relyant contends that this claim involves a challenge to the propriety of the Army's decision to award the Contract to Jimco, Relyant's claim is, at bottom, a challenge to the security requirements in the Solicitation.  Pl. Reply at 2; Tr. at 14:10-14:17.

To the extent that Relyant seeks to question the meaning or wisdom of the Solicitation's security requirements, Relyant has waived this claim.  It is well-established that "a party who has the opportunity to object to the terms of a government solicitation concerning a patent error and fails to do so prior to the close of the bidding process waives its ability to raise the same objection subsequently in a bid protest action in the Court of Federal Claims." *Blue & Gold Fleet, LP v. United States*, 492 F.3d 1308, 1313 (Fed. Cir. 2007).  In this case, it is undisputed that Relyant did not raise an objection to the Solicitation's security requirements prior to the close of the bidding process for the Contract.  Tr. at 19:18-19:19; Def. Resp. at 20.  Given this, Relyant's failure to raise such an objection to the Solicitation's security requirements renders Relyant's claim untimely, and thus, waived.  *Blue & Gold Fleet*, 492 F.3d at 1313.  And so, the Court must dismiss Relyant's claims.

### B. The Court May Not Consider Relyant's Protest Of The Timing Of Jimco's Security Clearance

To the extent that Relyant's bid protest claims have not been waived, the government also argues with persuasion that the claims in this bid protest dispute involve matters of contract administration that do not fall within the Court's bid protest jurisdiction.  Def. Resp. at 13-15.

8

Relyant argues in this bid protest action that the Army's award decision was unsound, because Jimco could not have obtained the facility security clearance needed to perform the Contract in a timely manner. Pl. Mem. at 10. Relyant also argues that Jimco improperly began mobilization activities under the Contract without obtaining the required facility security clearance. *Id*. at 7-8.

While Relyant characterizes these claims as a challenge to the Army's award decision, Relyant's principal objection appears to be that the Army allowed Jimco to begin mobilization actions pursuant to the Contract before Jimco secured a facility security clearance. *Id.* at 7-10; Tr. at 17:22-18:16.

Relyant may not pursue such claims in this bid protest litigation, because its claims pertain to the administration of the Contract after the Army awarded the Contract to Jimco. It is well-established that matters of contract administration—including matters of contract performance—fall beyond the Court's bid protest jurisdiction. *See, e.g.*, *Continental Serv. Grp., Inc. v. United States*, 722 Fed. App'x 986, 992 (Fed. Cir. 2018). Given this, matters of contract performance are properly brought in this Court under the Contract Disputes Act and not as a bid protest. 41 U.S.C. §§ 7101-7109.

In this case, the timing of Jimco's facility security clearance pertains to the administration of the Contract at issue, *after* the Army decided to award the Contract to Jimco. Because Relyant seeks to challenge the Army's decision-making in connection with the administration of the Contract, the Court must dismiss its claims. *Continental Service Group*, 722 Fed. App'x at 992.[3]

---

[3] Relyant's claim that Jimco was ineligible for contract award is also belied by the plain terms of the Solicitation. Pl. Mem. at 7. As Relyant acknowledges, the Solicitation does not require that Jimco have a SECRET Facility Security Clearance prior to the award of the Contract. Pl. Mem. at 7-8; *see also* Def. App'x at 255. Relyant's reliance upon *Dorado Servs., Inc.*, to establish jurisdiction is also misplaced. Pl. Mem. at 8; *Dorado Servs., Inc.*, B-411691.4, 2016 WL 6833326 (Comp. Gen. Nov. 18, 2016). Relyant also has not identified any evidence in the record before the Court to show that the Army's contracting officer acted unreasonably in determining that Jimco could meet the Solicitation's security requirements. *Id.* at 7-12 (showing that Relyant has not identified any evidence to show that the Army's contracting officer acted unreasonably in the evaluation of Jimco's proposal).

In short, Relyant simply has not shown that any of its claims may be pursued in connection with this post-award bid protest action. And so, the Court must **GRANT** the government's motion to dismiss and dismiss the complaint.

### C. The Court Denies Relyant's Motion For Injunctive Relief

As a final matter, the Court rejects Relyant's request for emergency injunctive relief. As discussed above, Relyant has not shown that the Court may consider any of its bid protest claims, because these claims have either been waived or do not fall within the Court's bid protest jurisdiction. Given this, Relyant also has not shown a substantial likelihood of success upon the merits of its claims. *See PGBA, LLC v. United States*, 389 F.3d 1219, 1228-29 (Fed. Cir. 2004). And so, the Court **DENIES** Relyant's motion for a preliminary injunction.

## V. CONCLUSION

In sum, the record currently before the Court shows that Relyant's claims have either been waived or fall beyond the Court's bid protest jurisdiction under the Tucker Act. Because the Court may not consider any of Relyant's bid protest claims, Relyant also has not shown that it is entitled to the injunctive relief that it seeks in this litigation.

And so, for the foregoing reasons, the Court:

1. **GRANTS** the government's motion to dismiss;
2. **DENIES** Relyant's motion for a preliminary injunction; and
3. **DISMISSES** the complaint.

Some of the information contained in this Memorandum Opinion and Order may be considered protected information subject to the Protective Order entered in this matter on January 8, 2020. This Memorandum Opinion and Order shall be filed under seal. The parties shall review the Memorandum Opinion and Order to determine whether, in their view, any information should be redacted in accordance with the terms of the Protective Order prior to publication.

After doing so, the parties shall **FILE** a joint status report identifying the information, if any, that they contend should be redacted, together with an explanation of the basis for each proposed redaction, on or before **February 27, 2020**.

The Clerk shall enter judgment accordingly.

Each party shall bear their own costs.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
Judge
